HEARD APRIL TERM, 1873.

## FRASER *vs.* FISHBURNE.

Equity has jurisdiction to authorize the Trustees of a married woman to borrow money, for the purposes of the trust, on a mortgage of the trust property, although no such power be conferred by the instrument creating the trust.

Such jurisdiction may be exercised under a petition of the trustees, the husband and wife admitting the facts and joining in the prayer.

Where a decree in Equity was made authorizing the trustees of a married woman to borrow money for the purposes of the trust by giving a mortgage of the trust property to secure the payment of a bond of the husband, and the holder of the bond and mortgage gave time to the husband by special contract: *Held*, That the trust estate was the principal debtor, and that such giving of time did not discharge the mortgage thereon.

BEFORE GREEN, J., AT GEORGETOWN, JUNE TERM, 1872.

This case will be fully understood from the decree of His Honor the Circuit Judge, which is as follows:

GREEN, J. Robert Fishburne and James Ravenel, trustees under the marriage settlement of B. Clay Fishburne and Jane

Rose Fishburne, his wife, filed their petition in the Court of Equity on the 8th day of April, 1867, so much of which as is necessary to be stated in this opinion is as follows :

"That the disastrous termination of the late war has greatly impaired the value of the estate conveyed. That the plantation called Enfield, in the said indenture, is the only property of the trust estate that at present can be made available to make a crop and produce an income ; that in consequence of scarcity of money, your petitioners are unable to raise the means of carrying on the planting operations of the plantation, without giving a lien on the same by mortgage or otherwise. Your petitioners further show, that a large portion of the land on the said Enfield plantation has been placed in readiness for planting, and a sufficiency of labor employed to give a reasonable promise of a good coming crop, if the means can be raised and provided for feeding the said laborers, and paying the other current expenses of the plantation ; and that if the means be not raised, all the work, labor and preparation already done, will be thrown away, and no crop can be made, thus depriving their *cestui que trusts* of the means of subsistence. Your petitioners further show, that the said B. Clay Fishburne, and Jane Rose, his wife, have made application to your petitioners to raise a sum sufficient to enable them to carry on the planting operations of the plantation, by giving a mortgage of the said Enfield plantation, as the only means by which they could make a crop, and secure to themselves a subsistence and living, for they have no issue. In view of these facts, the said B. Clay Fishburne, and Jane Rose, his wife, have applied to your petitioners to mortgage the said plantation, for the purpose of raising the sum required, for the purposes above set forth. But your petitioners are instructed that they have no authority under and by virtue of the said indenture of marriage settlement so to do, and can only legally create a lien on said trust estate by authority, which may be given them by this honorable Court. Your petitioners, therefore, pray that they be authorized to borrow a sum not exceeding seven thousand dollars, to be expended by them exclusively for the purposes of making a crop on Enfield plantation, and that for that purpose they be authorized and empowered to mortgage Enfield plantation, to secure the payment of the said sum of seven thousand dollars, or so much as may be borrowed for the purposes aforesaid."

Under the signature of the trustees is the following :

" The undersigned certify to the correctness of the facts set forth in the above petition, and respectfully join in the prayer thereof.
                              " B. CLAY FISHBURNE,
                              " JANE ROSE BARNWELL."

The petition was referred by the Chancellor to the Commissioner of the Court, to examine into and report upon the same. The Commissioner filed his report on the 9th of April, 1867, recommending that the prayer of the petitioners be granted. On the 13th of April the Chancellor made the following order :

" On hearing the report of the Commissioner in this case. on motion of R. Dozier, solicitor for the petitioners, it is ordered that the same be confirmed, and that the petitioners, Robert Fishburne and James Ravenel, trustees, be authorized to execute and deliver a mortgage of Enfield plantation, as a security for the bond of Dr. B. Clay Fishburne, for a sum not exceeding seven thousand dollars, the money so raised to be applied exclusively to the object and purposes set forth in the petition."

On the 3d day of June, 1867, B. C. Fishburne executed his bond to Cart, Kopff & Jervey, conditioned for the payment of the sum of six thousand eight hundred dollars, without interest, on or before the 31st day of January, A. D. 1868. On the same day, to wit, on the 3d day of June, 1867, the trustees aforesaid executed a mortgage deed of the Enfield plantation to secure the payment of the said bond. B. C. Fishburne paid on the bond the sum of twenty-five hundred dollars on the 31st January, 1868. On the 20th of August, 1868, B. C. Fishburne and Joseph Risley entered into an agreement, whereby Risley stipulated to pay for Fishburne the sum of forty-three hundred dollars, the balance then due upon the bond, provided he would cause the bond and mortgage to be assigned to him (Joseph Risley) for the full sum of sixty-eight hundred dollars ; and he also stipulated to give Fishburne an indulgence of two years in which to pay the said sum of sixty-eight hundred dollars, the stay or indulgence to be endorsed on the said bond at the time of the assignment. On the 15th day of December, Cart, Kopff & Jervey duly assigned the said bond and mortgage to the said Joseph Risley ; the assignment contained a stipulation, for indulgence, in accordance with the agreement above referred to, and it was admitted at the hearing that this was done

with the knowledge and consent of the trustees. Joseph Risley assigned to E. Baum, and he assigned to Robert E. Fraser, who has filed his complaint in this Court for a foreclosure of the said mortgage debt.

B. C. Fishburne departed this life in November, 1870; an answer was filed by Mrs. Jane Fishburne, who resists a decree for foreclosure upon the following grounds : 1st. Because the Chancellor had no authority to make the order of date the 13th April, 1867—the Court having no power to give authority to the trustees beyond what they derived from the deed of settlement. 2d. Because if the Court had jurisdiction, the proper parties were not properly before the Court. 3d. Because the trust estate was the surety for the personal debt of B. C. Fishburne, and the extension of time given by the creditor released the surety. At the death of B. C. Fishburne, Mrs. Jane Rose Fishburne, by the terms of the marriage settlement, became entitled to the property, discharged from all or any uses or trusts whatsoever. I am satisfied that the proceedings in this case were such as were usual and proper to attain the object of the trustees ; that all the parties in interest were properly before the Court, and that the Chancellor had ample power to grant the order dated 13th April, 1867.

In order properly to determine whether the debt created by the bond, executed by Fishburne, was his personal debt, or a debt against the trust estate, the bond and mortgage must be considered in the light of the proceedings which preceded them, and of which they were the result; all constitute one transaction. The money was to be expended by Fishburne, under the order of the Court, for the benefit of the trust estate. Suppose Fishburne had paid the bond out of his own funds, would he not have been entitled to reimbursement out of the trust estate? Fishburne could receive no benefit except through the trust estate. The measure of his rights after as before the expenditure of the money, is to be found in the deed of settlement. It may be said that if the rents and profits of the Enfield plantation were increased his share would be enhanced ; but the same may be said of Mrs. Fishburne, and had there been other life tenants, the same might be said of them. I conclude that the debt created by the bond of B. C. Fishbure was the debt of the trust estate, and therefore the relation of principal and surety never did exist between Fishburne and that estate. There is, therefore, no room for the

application of the rule that indulgence extended to the principal will discharge the surety. The amount of twenty-five hundred dollars should be credited on the bond on the 31st January, 1868, leaving a balance, according to the statement furnished me, of five thousand six hundred and fifteen dollars and twenty cents, on the 13th day of June, 1872 ; for this balance I think the plaintiff is entitled to a judgment of foreclosure.

And it was so ordered and decreed.

The defendant appealed on the grounds:

*First.* That the Court had not jurisdiction under the proceedings to grant the order of the 13th April, 1867: 1st. Not in exercise of the *decretal* power, for there was no *case* against this defendant, and she was not made a *party*; 2d, Not in exercise of the *administrative* power, for she was not of natural incapacity, and this was not an order for the *maintenance* of her person or the *preservation* of her estate.

*Second.* But, that if so, and the mortgage were valid, therefore it was *collateral* to the debt of the husband, and was *satisfied* by the fund paid by himself and David Risley to that debt, or was *discharged* by the extension of time and other changes in the debt, made in the attempted assignment of the bond and mortgage.

*Spratt,* for appellant.

*Dozier,* contra.

June 9, 1873. The opinion of the Court was delivered by

Moses, C. J. It has been long held in this State, contrary to the doctrine which prevails in England, that a married woman has no control or power over her separate estate beyond that conferred by the instrument creating it. The Court of Equity has, therefore, interposed to promote the benefits designed by the trust, and make it subservient to the real purpose for which it was intended, by either allowing a sale of the property, or its charge or incumbrance, or its devotion by way of security for means necessary for its preservation from loss or decay. While it has not withheld the aid of its jurisdiction to permit the *cestui que trust* so to deal with the estate, unless forbidden by the deed or will under which it arises, as to make it a source of profit, instead of one of loss, it never proceeds without first

ascertaining by testimony that the proposed act will tend to the interest of the parties who are the objects of the trust. In *Magwood and Patterson* vs. *Johnston*, 1 Hill Ch., 236, Chancellor Harper says: "How far have our Courts departed from the English doctrines? Thus far, that the wife should not, by her own act merely, charge her separate estate. The Court will look into the necessity and propriety of the charge. If she is under the necessity of supporting herself and family on the credit of the separate estate, she may do so, as in England. But the Court, before making her estate liable, will look into the circumstances of the husband, and be satisfied that the necessity existed, and that the goods furnished or money advanced was proper in her circumstances."

In *Dunn* vs. *Dunn*, 1 S. C., 354, this Court used the following language: "It is settled law in this State that without the aid of a Court of Equity a married woman cannot dispose of or charge her separate estate except in the execution of powers conferred by the instrument conferring such estate."

That the Court of Equity in this State has exercised over trusts in favor of married women the same control that they can themselves exercise in regard to them in England, cannot be doubted or disputed, with this limitation, that this Court will only extend its approval where the proposed change or act is to enure to the interest of the beneficiaries.

It is objected that if the Court had the power which is claimed for it, no rights of Mrs. Fishburne in the premises were affected by the order, because the proceeding was by petition, a process under which no judgment could be rendered that could bind the separate estate of a *feme covert*. The form resorted to was the one in general practice where no adversary rights were asserted against the settled property of the married woman. The petition was not only by the trustees in whom the legal title vested, but virtually also by Mrs. Fishburne and her husband, who not only certify to the truth of the facts set forth in it, but "respectfully join in the prayer thereof." The petition to which they were parties avers that they had made application to the trustees, the co-petitioners "to raise a sum sufficient to enable them to carry on the planting operations of the said plantation by giving a mortgage of the said Enfield plantation." The legal title to the property has vested in Mrs. Fishburne, freed and discharged from all trusts. She has enjoyed the benefit of the advance made at her own request under a judgment of the Court

which stands unreversed. Can she assail it in the mode she now proposes? It is valid and binding because the Court which ordered it had jurisdiction over the parties and the property in the case in which it was rendered, and it cannot be vacated in this collateral way.

We cannot sustain the proposition of the appellants, which seeks to treat Dr. Fishburne as the principal in the debt, and the trust estate only as the surety, and thence claims to discharge the latter from all liability on the mortgage by reason of the extension of indulgence by the creditor, the holder of it.

In no possible view can such a relation be inferred from the transaction, looking to all of it as a whole.

The petition, so far from regarding the plantation as a surety for the bond of Dr. Fishburne, on which the means of carrying on the planting operations were to be raised, shows that the application was to permit the trustees " to mortgage the said plantation for the purpose of raising the sum required for the purposes set forth."

The bond given was that of Dr. Fishburne, but the name of any other obligor would as well have answered the purpose in view ; in fact, the proper parties to have executed the bond were the trustees who held the legal title to the estate which was to be mortgaged. Equity looks not to the form, but to the substance and essence of the transaction. The very mortgage which secures the debt avers that it was incurred for the benefit of the trust estate. We see nothing which can in any way convert the wife into a surety for the husband ; the debt, though nominally his, was not so in fact. The real debtor (so to speak) was the trust estate, and it must respond to the obligation it has incurred.

The motion is dismissed, and the case remanded to the Circuit Court for Georgetown County, that the further order, now necessary by the lapse of time, may be had for the proper enforcement of the judgment.

*Wright*, A. J., and *Willard*, A. J., concurred.